UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW JAMES HOLLIS,

Plaintiff,

v.

JOSHUA THOMAS PATTON, et al.,

Defendants.

No.  2:26-cv-01658-DJC-SCR

ORDER

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's motion to stay (ECF No. 93), which seeks to stay proceedings in this Court pending resolution of his petition for writ of mandamus before the Ninth Circuit Court of Appeals (9th Cir. Case No. 26-2886).  Plaintiff's mandamus petition challenges the Central District's order (ECF No. 83) transferring this action to this District.

The Court has "inherent authority to control its own docket and calendar" and may issue a stay "pending resolution of independent proceedings which bear upon the case." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (citations omitted).  The filing of the petition for writ of

1

mandamus does not divest this Court of jurisdiction, and the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending. *See Golden State Orthopaedics, Inc. v. Howmedica Osteonics Corp.,* No. 14-CV-3073-PJH, 2016 WL 10859439, at *1 (N.D. Cal. Nov. 23, 2016), citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995); *see also In re Ellis*, 360 F.3d 1022, 1023 (9th Cir. 2004) ("[The] district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ."). "Accordingly, any such stay is imposed under the district court's general discretionary authority." *Golden State Orthopaedics,* 2016 WL 10859439 at *1 (citation omitted).

The Court may stay proceedings under its inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Use of this power "calls for exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. "In determining whether it should exercise its discretion to grant a stay, the court should consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Golden State Orthopaedics*, 2016 WL 10859439 at *1, citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

The Court directed the defendants to file any opposition, or statement of non-opposition, to the stay motion by no later than May 22, 2026. Several of the defendants filed statements of non-opposition (ECF Nos. 95 & 96), some did not respond,[1] and only one defendant opposed the motion to stay (ECF No. 97). Commissioner Mark Alexander Emmons ("Emmons") opposes the stay and argues for the application of the factors under *Nken v. Holder*, 556 U.S. 418 (2009). ECF No. 97 at 2. *Nken* involves the standard for a federal court to stay a judgment pending

---

[1] Pursuant to Local Rule 230(c), a failure to timely oppose a motion may be construed as non-opposition to the motion.

appeal.  In such circumstances the court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id*. at 434.  The undersigned rejects the application of *Nken* to the present circumstances, and instead applies the *Landis* framework.[2]

Emmons contends that he will be "substantially injured" by the stay because he "will be forced to remain in the case indefinitely and continue to incur defense fees and costs while plaintiff continues to file frivolous pleadings in the closed Central District and Court of Appeals."  ECF No. 97 at 7.  The Court disagrees.  Plaintiff has not filed anything in the Central District since April 27, 2026.  The Ninth Circuit Court of Appeals mandamus proceedings will continue regardless of whether this Court grants a stay.  And granting a stay will avoid the further expenditure of time and incurring of expenses in this action while the stay is in place.

Emmons also argues that Plaintiff cannot make a "strong showing" that he is likely to prevail on his mandamus petition.  ECF No. 97 at 3.  The *Landis* factors do not require the Court to make such determination.  However, a venue order can be challenged through a petition for writ of mandamus.  *See In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) ("Mandamus may sometimes be appropriate to correct a clearly erroneous transfer order.").  The Court takes no position at this time as to whether the transfer of venue was appropriate, other than to say that Plaintiff advances non-frivolous arguments.  It appears that two of the parties listed on the docket sheet, Matthew Scott Looney and Riverside County, are located in the Central District of California.  The Court recognizes that Riverside County disputes whether it is a party, and whether Looney had been properly served.  However, the presence of either party would have important implications for venue under 28 U.S.C. § 1391(b)(1).  Further, Plaintiff contends that a substantial part of the events giving rise to his claims occurred in the Central District for purposes

---

[2]  As can be seen, there is overlap between some of the *Landis* and *Nken* factors.

3

of venue under § 1391(b)(2).  *See for example* ECF No. 38 at 26 ("Plaintiff never left the Central District.  The events giving rise to this case began in Plaintiff's driveway when he reported a crime to local law enforcement.  Every event that followed . . . was set in motion by that report, the conduct that was reported, solely and unquestionably transpired in the southern California Orange County area.").

The Court concludes that a stay is appropriate.  The Court has also considered the length of time the stay should be in effect.  *See Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.").  The Court anticipates the Ninth Circuit will resolve the mandamus petition in a timely manner.  The Court has also considered that "[g]enerally, stays should not be indefinite in nature."  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007).  The Court will direct the filing of a status report in approximately six months; if at that time, any party has reason to believe the Ninth Circuit proceedings will not resolve in a timely manner, they may move to lift the stay.

As a final matter, Defendant Emmons has filed a notice that Plaintiff did not timely respond to Emmons' motion to dismiss (ECF No. 88).  Plaintiff filed the motion to stay within the 14-day period provided for an opposition under Local Rule 230(c).  Given that the Court is granting the motion to stay, no response is required at this time.

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion to stay (ECF No. 93) is GRANTED;

2) All proceedings in this action are STAYED pending the Ninth Circuit's ruling on the petition for writ of mandamus in Case No. 26-2886;

3) The hearing currently set for June 4, 2026, is VACATED;

4) The parties shall file a status report within 7 days of the Ninth Circuit's disposition of Case No. 26-2886.  If the Ninth Circuit has not ruled by November 16, 2026, the parties shall file a status report not to exceed three pages.

////

4

5) Plaintiff need not file an opposition to the motion to dismiss (ECF No. 88) until 14 days after the stay is lifted.

**IT IS SO ORDERED.**

DATED: May 27, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE