UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES HOLLIS,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA THOMAS PATTON, et al.,<br><br>Defendants. | No. 2:26-cv-01658-DJC-SCR<br><br><u>ORDER</u> |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's motion for administrative relief (ECF No. 131), motion for e-filing (ECF No. 111), and motion for clarification (ECF No. 104). The motion for clarification (ECF No. 104) was fully addressed at the status conference on June 18, 2026, and in the subsequent minute order (ECF No. 107), and is therefore moot. The Court will now address the other two motions, which pertain to electronic filing, PACER access, and service of documents.

**I. Motion for E-Filing (ECF No. 111)**

Plaintiff's motion states that he was previously granted e-filing access in the Central

District of California, and "is familiar with electronic filing through his prior CM/ECF access in the Central District, is prepared to comply with this Court's Local Rules and the CM/ECF registration and use requirements, and will complete any registration the Court directs." ECF No. 111 at 1-2. Plaintiff states this will allow him to "receive documents promptly and to receive notices of electronic filing in the ordinary course." *Id.* at 2.

A Local Rule of this Court provides that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." LR 133(b)(2). This Local Rule recognizes, as do similar local rules in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing. *See, e.g., Baker v. IC Sys., Inc.*, No. CV-08-8091- PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

However, Plaintiff was previously granted access to e-filing while this case was pending in the Central District. *See* ECF No. 13. Additionally, as discussed further below, Plaintiff alleges he has experienced difficulty with merely receiving electronic notice of filings, and because the action has been transferred, Plaintiff now resides hundreds of miles from the Sacramento courthouse and cannot easily file in person. Accordingly, the court will grant the motion for e-filing.

**II. Motion for Administrative Relief (ECF No. 131)**

Plaintiff's motion seeks eight forms of relief. First, Plaintiff requests that the Clerk associate his email matthewjames95@live.com with this case so that he can receive electronic notice of filings. This has already occurred. The Court directed that it occur in a Minute Order of June 18, 2026. ECF No. 107. However, review of the NEFs (Notice of Electronic Filing) on the docket sheet reveals that Plaintiff did not begin receiving electronic notice at this e-mail until September 10, 2026. The NEFs reflect that during this intervening time, Plaintiff received notice via standard mail. This request is denied as moot.

Second, Plaintiff requests a PACER fee exemption, waiver of his previously incurred balance, and reinstatement of his account. ECF No. 131 at 2. Plaintiff states his account was locked in June 2026 due to an unpaid balance of $479. *Id.* at 8. This action was transferred to this District on April 29, 2026, and was temporarily stayed until June 5, 2026. Thus, it appears the fees were incurred prior to the case proceeding in this District and it is unclear why such fees were incurred. Plaintiff had access to e-filing in the Central District, and e-filers receive one free download of every document filed.

"Exemptions from PACER user fees are uncommon." *Chima v. Perkins*, No. 25-cv-06385-TSH, 2025 WL 2202521 at *1 (N.D. Cal. Aug. 1, 2025). A party seeking exemption from PACER fees must demonstrate "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" *Raiser v. City of Temecula*, No. 17-cv-00217 RGK (RAO), 2018 WL 6219906 at *2 (C.D. Cal. June 22, 2018). Plaintiff is not proceeding in forma pauperis in this matter. Even a Plaintiff who has been granted in forma pauperis status is not automatically entitled to a fee waiver. *Katumbusi v. Gary*, No. 2:14-cv-1534 JAM AC, 2014 WL 5698816 at *4 (E.D. Cal. Oct. 30, 2014) ("In forma pauperis status alone does not support a request to waive PACER fees."). Moreover, Plaintiff must demonstrate that paying PACER fees is burdensome despite the fact that "Plaintiff is entitled to one free electronic copy of all documents filed electronically in his case." *Luehring v. Los Angles Cty.*, No. 2:21-cv-01426-GW-SHK, 2021 WL 4533275, *2 (C.D. Cal. Aug. 4, 2021); *see also Freeland v. Sacramento City Police Dep't*, No. CIV S-06-0187 LKK DAD P, 2009 WL 545994, at *5 (E.D. Cal. Mar. 4, 2009).

It appears that Plaintiff incurred high charges through his own fault. He states that documents "disappeared" from his storage device, that he retrieved documents "repeatedly," and somehow charges were generated that were "out of proportion." ECF No. 131 at 8. PACER charges $0.10 per page and the charge for a document is capped at $3. *See Chima*, 2025 WL 2202521 at *1. No fee is charged for viewing judicial opinions, and no fee is charged for viewing case information or documents at a courthouse public access terminal. *Id.* Additionally, an

account holder is not charged unless they accrue charges exceeding $30 in a quarterly billing cycle. *Id*. Plaintiff's request to be exempted from PACER fees is denied.

Third, Plaintiff requests that "[u]ntil a notice of electronic filing actually reaches Plaintiff," the parties be ordered to serve him via mail and the Court provide mailed copies. ECF No. 131 at 2. This request based on a factual presentation that is—at least in part—false. The motion seeking this relief was signed by Plaintiff on October 7, 2026. Yes the NEFs demonstrate Plaintiff has been receiving electronic notices since September 10, 2026. Further, the Court's courtroom deputy—as a courtesy to Plaintiff—confirmed via email with Plaintiff that he was receiving such notices as of September 10, 2026. The request for additional service of paper copies is denied.

Fourth, Plaintiff requests a copy of the docket sheet and orders entered since June 18, 2026. The Court, as a courtesy, will grant this request in part, and direct the clerk to provide a copy of the docket sheet. All orders entered between June 18, 2026, and September 10, 2026, were minute orders and thus providing the docket sheet provides Plaintiff copies of those orders.

Fifth, Plaintiff requests additional time to respond to any orders or findings and recommendations until he is served. The Court has not yet issued further findings and recommendations. Moreover, Plaintiff is now receiving ECF notices at his email and was allowed by the Court to file an untimely opposition. ECF No. 135. The request is denied.

Sixth, Plaintiff requests a ruling on his motion for e-filing. This order grants leave to e-file.

Seventh, Plaintiff requests leave to appear via Zoom at all hearings in this matter due to his residing in Southern California. Unless otherwise ordered, the parties shall set motion hearings on available hearing dates to occur via Zoom.

Eighth, Plaintiff requests the docket sheet and all orders at no charge if he is not granted a PACER exemption. This request is redundant to requests two and four and is denied.

Finally, Plaintiff is cautioned about making apparent misrepresentations of fact to the Court. Plaintiff's declaration states that as of October 7, 2026: "I have received no notice of electronic filing in this case." ECF No. 131 at 7. As discussed above, the Court's CM/ECF

system and the NEFs reflect that Plaintiff has received electronic notice since September 10, 2026, and an email exchange with the courtroom deputy on that date confirmed he was receiving such notice. Rule 11 applies to pro se litigants. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Making misrepresentations to the Court may result in the imposition of sanctions.

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion for clarification (ECF No. 104) is DENIED AS MOOT.
2) Plaintiff's motion for e-filing (ECF No. 111) is GRANTED. Plaintiff is DIRECTED to obtain a PACER account. Once a PACER account is established, the Plaintiff shall request "e-filing access" to the Eastern District of California by logging into PACER at www.pacer.gov and selecting E-filing Access under the Account Maintenance Tab.
3) Plaintiff's motion for administrative relief (ECF No. 131) is DENIED IN PART and GRANTED IN PART as set forth herein. The motion is granted only to the limited extent that the Court will DIRECT the Clerk to mail Plaintiff a copy of the docket sheet, and the parties may set future motion hearings to be conducted via Zoom.

**IT IS SO ORDERED.**

DATED: November 6, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE