UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES HOLLIS,<br>Plaintiff,<br>v.<br>JOSHUA THOMAS PATTON, et al.,<br>Defendants. | No. 2:26-cv-01658-DJC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Matthew James Hollis is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court are numerous motions. The defendants (collectively "Defendants") have filed four motions to dismiss and a motion to quash service. ECF Nos. 23, 25, 73, 88 & 125. Plaintiff has four pending motions: 1) a renewed motion for service by the United States Marshal (ECF No. 33); 2) a request for entry of default as to Defendant Emmons (ECF No. 44); 3) a request for entry of default as to Defendant Wattenberg (ECF No. 45); and 4) a motion for sanctions (ECF No. 54). The Court heard argument on eight of these nine motions on September 10, 2026.[1] For the reasons set forth herein, the Court denies Plaintiff's motions and recommends the motions to dismiss and motion to quash be granted in part and denied in part.

[1] The ninth motion, Defendant Butte County's motion to dismiss (ECF No. 125) was submitted on the briefs on October 16, 2026.

## I. Background and Procedural History

Plaintiff filed this action in the Central District of California on December 19, 2025. ECF No. 1. Plaintiff's complaint (the "Complaint") is over 140 pages long and includes an additional 78 pages of exhibits. Plaintiff names as Defendants: 1) Joshua Patton ("Patton"), a California State Parks Peace Officer; 2) Stephen Wattenberg ("Wattenberg"), a court-appointed mediator for Butte County Superior Court; 3) Matthew Looney ("Looney"), a Riverside County Deputy; 4) Butte County; 5) the California Department of Parks and Recreation ("CDPR"); 6) Armando Quintero ("Quintero"), in his official capacity as the Director of CDPR; and 7) Mark Alexander Emmons ("Emmons"), a court commissioner for Butte County Superior Court. ECF No. 1 at 7-9. While the Complaint is at times difficult to follow, it alleges unlawful surveillance and fraudulent legal proceedings in the context of the dissolution of a romantic relationship between Plaintiff and Patton. Plaintiff brings a variety of state and federal claims, including claims under 42 U.S.C. § 1983 and the Racketeer Influenced and Corruption Organizations act ("RICO"), 18 U.S.C. §§ 1961, et seq. *Id.* at 3-4.

Plaintiff filed a motion requesting that the United States Marshal ("Marshal") serve the summons and complaint. ECF Nos. 5 & 6. While this case was pending in the Central District, Magistrate Judge Rosenberg denied that motion, ECF No. 11, but granted Plaintiff's request to use electronic filing. ECF No. 13. Plaintiff filed proof of service as to all Defendants except Looney on January 21, 2026. ECF Nos. 16-21. On February 12, 2026, Plaintiff filed a renewed motion for service by the Marshal, requesting that the Court order the Marshal to complete service on five of the seven defendants, despite Plaintiff already filing returns of service and despite some of those defendants having appeared and filed responsive pleadings. ECF No. 33.

On February 23, 2026, Riverside County ("Riverside") (which was not named as a Defendant) and Plaintiff filed a stipulation allowing Riverside until March 11, 2026 to respond to the Complaint and further providing that "to the extent" Looney had been served, he also shall have until March 11, 2026 to respond. ECF No. 36.

////

On March 11, 2026, Riverside filed a motion to quash service. ECF No. 42. Riverside argued that it was not a party, and thus service was deficient because a summons must identify all parties and be "directed to the defendant." ECF No. 42 at 8, citing Fed. R. Civ. P. 4(a). Riverside submitted a declaration stating that it received the Complaint "when it was forwarded to their civil litigation unit by another party to the litigation" and that there was no summons attached. ECF No. 42-1 at 2.

On March 13, 2026, Plaintiff filed a motion for sanctions. ECF No. 54. Plaintiff accused counsel for certain of the Defendants of vexatiously multiplying proceedings in violation of 28 U.S.C. § 1927. Both Riverside (ECF No. 122) and CDPR, Patton, and Quintero (ECF No. 124) filed responses to the motion for sanctions on July 20, 2026. No reply brief was filed.

Meanwhile, Butte County filed a motion requesting dismissal or transfer of venue to this District, arguing that venue was improper in the Central District. On April 24, 2026, Magistrate Judge Viramontes granted the motion and transferred the action to this District. ECF No. 83.

After the transfer, the undersigned held a case management conference and set a timeline for the briefing and hearing of any motions that had not been adjudicated in the Central District. ECF No. 107. As a result of intervening filings and further case management orders, ECF Nos. 121, 134, 135 & 137, the now-pending motions include four motions to dismiss and a motion to quash service filed by the Defendants, ECF Nos. 23, 25, 73, 88 & 125, and four motions concerning service by the United States Marshal, entry of default, and sanctions filed by Plaintiff, ECF Nos. 33, 44, 45 & 54.[2] The Court heard argument on most of those motions on September 10, 2026, ECF No. 128, later taking one of them under submission. ECF No. 137.

////

////

////

////

[2] The undersigned also resolved several of Plaintiff's procedural motions by separate order. ECF No. 144.

## II. Plaintiff's Motions

### A. Renewed Motion for Service by Marshal (ECF No. 33)

Plaintiff requests that the Marshal effect service of process on Patton, Looney, Quintero, Emmons, and Wattenberg.[3] ECF No. 33 at 6. When a party is proceeding IFP, "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). However, Plaintiff is not proceeding IFP. While the Court nonetheless has discretion to order service by the Marshal under Rule 4(c)(3), Plaintiff's motion does not set forth good cause for directing the Marshal to complete service.

Plaintiff states that since the Central District's order denying his request for the Marshal to complete service, ECF No. 11, he has employed private process servers and that "private service is insufficient to effectuate service in this action." ECF No. 33 at 2. Plaintiff contends that there was an "aggressive altercation" with Patton's father when service was attempted. *Id*. at 2-3. Plaintiff states that multiple attempts have been made to serve Looney and that he "remains unserved." *Id*. at 4. Plaintiff argues that he has spent over $1,500 in attempting to complete service and that Defendants are actively obstructing service.

"A Rule 4(c)(3) application should set forth whatever steps to serve process already have been taken." *Hollywood v. Carrows*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. April 26, 2018) (citation and quotation omitted). The motion must provide a factual basis for why a court order is necessary to accomplish service. *Id*. As noted in *Hollywood*, the Advisory Committee Notes to Rule 4(c)(3) provide that a "plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service and that court orders directing service by marshal should not be issued unless they really are necessary." *Id*. (citation and quotation omitted). The Court's discretion to direct the Marshal to effect service should be exercised "only in limited circumstances, such as when a law enforcement presence appears necessary or advisable to keep the peace or when a hostile

---

[3] All of these Defendants, with the exception of Looney, have now appeared in the case. However, as indicated by Defendants service-related motions discussed below, the status of service as to most of them remains contested.

defendant threatens injury to the process server." *Adams v. King County*, No. 2:25-cv-02256-JNW, 2025 WL 3471884, at *1 (W.D. Wa. Dec. 3, 2025).

As discussed further below, the Court finds that service has already been completed on Patton. There is no need to have the Marshal serve Patton.

As to Looney, Plaintiff has not provided a sufficient basis to grant the motion, and the Court declines to direct the Marshal to effect service. However, the Court will allow Plaintiff to attempt substitute service on Looney. Plaintiff notes numerous attempts to serve Looney in the "Affidavit of Non-Service" provided by a process server. ECF No. 35 at 27. That affidavit details the five attempts at service made at Looney's apparent place of employment—a jail in Riverside County—and that other employees at the facility refused to accept substitute service on Looney's behalf. California allows for substitute service, and service by email is an acceptable form. *See Stross v. NextLuxuryDotCom LLC*, No. 21-cv-01181-JVS, 2021 WL 6425542 at *4 (C.D. Cal. Nov. 17, 2021) (allowing service by email and finding it complied with California Code of Civil Procedure § 413.30 and Rule 4 of the Federal Rules of Civil Procedure); *Dick v. Corman*, No. 21-cv-07169-JSC, 2022 WL 1211400 at *1-2 (N.D. Cal. April 25, 2022) (finding "service by email comports with the requirements of due process" and that "[a]ctual notice here fulfills the constitutional purpose of service of process.").[4]

**Counsel for Riverside County is currently receiving filings in the case. The Court directs counsel to provide Plaintiff with an email address for Looney.** Plaintiff will be allowed to serve Looney by email.

The Motion for Service by the Marshal is DENIED.

### B. Request for Entry of Default as to Emmons (ECF No. 44)

Plaintiff contends that Emmons was served on January 20, 2026, that Plaintiff filed proof of service, and that Emmons's responsive pleading was due by February 10, 2026. ECF No. 44 at

---

[4] The court in *Dick* further found that defendant's stipulation to extend the deadline to respond to the complaint "was a general appearance sufficient to dispense with the requirement of service of process." *Id.* at *2 (citation and quotation omitted). However, rather than apply that concept to the stipulation made by counsel for Riverside earlier in this case, the better course is for Looney to be served by substitute service.

2. Plaintiff's request for default generated a deficiency notice from the Clerk in the Central District, informing Plaintiff he had not submitted the required declaration. ECF No. 48. Plaintiff filed the supporting declaration on March 19, 2026. ECF No. 61.

Counsel for Emmons filed a notice of appearance on April 6, 2026. ECF No. 75. Emmons then filed a motion to dismiss on April 29, 2026. ECF No. 88. Emmons's motion to dismiss does not contest service of process, although an attached declaration from counsel states that service was not "valid," explaining that Plaintiff only delivered the Complaint and a Summons "to an officer at the California Office of the Attorney General, Department of Justice and to an administrative employee of Butte County Board of Supervisors[.]" ECF No. 88-1 at 2. Emmons never filed an opposition to Plaintiff's request for entry of default.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Emmons did not plead or otherwise defend against Plaintiff's claims within 21 days of being served.[5] *See* Fed. R. Civ. P. 12(a). Thus, once Plaintiff submitted the affidavit showing adequate service, the Clerk of the Court in the Central District should have entered default against Emmons. *See Sierra Foods, Inc. v. Haddon House Food Products, Inc.*, Civ. No. 90-6841, 1991 WL 95287, at *7 (E.D. Pa. May 29, 1991) ("Although the Clerk is … required to review the appropriate documents in order to be certain that the plaintiff's request for entry of default comports with the procedural requirements of Rule 55(a), the Rule otherwise vests no discretion in the Clerk as to whether a default should be entered when the record supports it, nor does it require or permit the Clerk to look beyond the facial validity of the plaintiff's supporting documents.").

Emmons has now appeared through counsel and filed a motion to dismiss. Emmons thus has not failed to plead or otherwise defend. The question, then, is whether the Court should enter default retroactively, in the exercise of its discretion. *See Amezcua v. Federal Nat. Mortg. Ass'n*,

---

[5] Given that Emmons's Rule 12 motion does not challenge service, any challenge to service is waived. *See* Fed. R. Civ. P. 12(h)(1). Emmons did not properly challenge service, and the motion to dismiss was untimely.

564 F.App'x 312 (9th Cir. 2014) (reviewing denial of application for default under Rule 55(a) for abuse of discretion); *Moebius v. Carnevale*, 2024 WL 3276380, at *1 (D. Nev. July 1, 2024) ("Despite 55(a)'s strong language, courts have some discretion in determining whether a party's actions constitute a failure to 'otherwise defend'") (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2024)). The Court will not now enter default because, as explained below, the Complaint does not state a claim against Emmons that can be granted.[6] While the undersigned recommends that Plaintiff be granted leave to amend as to Emmons, Plaintiff could not obtain default judgment against him as to the Complaint. Entry of default—as a prelude to any motion for default judgment—would thus be a futile procedural action. *See, e.g., Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955) ("The Court will not go through formal entry of default in a case when it is apparent that in the exercise of its discretion the default will be set aside on motion.").

Plaintiff's request that the Clerk be directed to enter default against Emmons is DENIED.

**C. Request for Entry of Default as to Wattenberg (ECF No. 45)**

Plaintiff contends that Wattenberg was served on January 20, 2026, that he filed proof of service, and that a responsive pleading was due by February 10, 2026. ECF No. 45 at 2. This request for default also generated a deficiency notice from the Clerk informing Plaintiff he had not submitted the required declaration. ECF No. 47.

Wattenberg made a special appearance and moved to quash service of summons on March 19, 2026. ECF No. 50. Wattenberg's motion was docketed before Plaintiff filed his declaration (ECF No. 59) that same day. Thus, by the time Plaintiff filed the declaration to supplement his deficient request for entry of default, Wattenberg was no longer in default. Wattenberg has not failed to plead or otherwise defend.

---

[6] There are other more generalized reasons not to enter default in a case like this where the initially defaulting party has appeared and is defending the case, including "the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Plaintiff's request that the Clerk be directed to enter default against Wattenberg is DENIED.

**D. Motion for Sanctions (ECF No. 54)**

On March 13, 2026, Plaintiff filed a motion for sanctions, accusing some of the defendants of vexatiously multiplying proceedings. The motion, which was filed while the case was pending in the Central District, is 41 pages in length. The parties are advised of this Court's Civil Standing Order, available at www.caed.uscourts.gov, which sets a page limit for motions and opposition briefs. Other than cross motions for summary judgment "all other motions and oppositions are limited to twenty (20) pages, and replies are limited to ten (10) pages." **The parties shall comply with this page limitation requirement in future filings**.

Plaintiff complains of a "pattern of coordinated defense conduct." ECF No. 54 at 5. Plaintiff asserts that "not a single defendant has filed a responsive pleading that engages with the merits of the Complaint." *Id.* Plaintiff's "summary of coordinated defense conduct" includes events occurring prior to the initiation of the lawsuit. *Id.* at 7-8.

Plaintiff requests that the Court sanction counsel for the CDPR defendants (Jamie Shepherd) for: 1) arguing that service of federal process constitutes harassment under the state restraining order; 2) misstating Eleventh Amendment law; 3) not accepting service of process for Emmons and Wattenberg; and 4) actively coordinating with other defense counsel. ECF No. 54 at 38-39. Plaintiff requests sanctions against counsel for Riverside (Eugene Ramirez, Kayleigh Andersen, and Susannah Conn) for: 1) filing a stipulation acknowledging service and then filing a motion to quash arguing the County was not served; 2) extending Looney's response deadline while disclaiming to represent him; 3) misrepresenting the meet and confer record; and 4) "generating five layers of litigation activity" that were unnecessary. *Id.* at 39.

Riverside's opposition argues that the motion should be denied for failure to comply with the Central District's local rules. ECF No. 122 at 6-8. Riverside argues that Plaintiff was required to meet and confer prior to filing the motion. *Id.* Riverside also addresses Plaintiff's

other arguments and contends that Plaintiff has not established bad faith and merely complains of Riverside's litigation of the case.

The CDPR defendants argue that the motion exceeds the Court's 20-page limit in this Court's Civil Standing Order.[7] ECF No. 124 at 3. The CDPR defendants further argue that Plaintiff misconstrues the "normal course" of litigation as "malignant acts to unfairly increase the cost of proceedings." *Id.* The CDPR defendants argue that the fact defense counsel may be coordinating is entirely proper and not a violation of any law, rule, or policy. *Id.* at 4.

Section 1927 allows for sanctions if an attorney "multiplies the proceedings … unreasonably and vexatiously." *Schmitzer v. County of Riverside*, 26 F.App'x 701, 702 (9th Cir. 2002). Thus, the conduct must be unreasonable or vexatious and also multiply proceedings. *Id.* at 703. An award of sanctions under § 1927 "must be supported by a finding of subjective bad faith." *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025). "[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation omitted). Whether the attorney acted recklessly or in bad faith is a factual finding reviewed under the clearly erroneous standard. *Id.*

These defendants have not vexatiously multiplied the proceedings. When Plaintiff filed this motion, the action was relatively new and the Defendants had filed little more than a notice of appearance and an initial Rule 12 motion. Riverside's filing a stipulation for extension of time and then filing a motion is not sanctionable conduct given that Riverside did not agree it would not file such a motion. The stipulation did not state Riverside would answer the Complaint, rather it said Riverside "is not a party to the action" and requested time to file a "response to the complaint." ECF No. 36 at 2.

Although Defendants may have unnecessarily delayed this matter by vigorously contesting service, Defendants were not required to waive service, and the Court does not find their conduct sanctionable. Further, Plaintiff's complaints about defense counsel coordinating on litigation strategy are not a basis for sanctions.

---

[7] We thus have one defendant arguing for application of the Central District's rules on meet and confer and the other arguing for application of this Court's page limits.

The motion for sanctions is DENIED.

**III. Defendants' Motions**

**A. The CDPR's Motion to Dismiss (ECF No. 23)**

Defendant State of California, acting by and through the CDPR, moves to dismiss pursuant to Rule 12(b)(6). The CDPR argues that the complaint is barred by the Eleventh Amendment. ECF No. 23 at 2. The CDPR further argues that the complaint fails to state a claim.

States and arms of the State are not persons subject to liability under § 1983. *See Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983."). State officials sued in their official capacity for damages are also not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Id*. This immunity also applies to RICO claims. *See Banks v. ACS Educ.*, 638 F.App'x 587, 589 (9th Cir. 2016) ("Congress has not abrogated state immunity under RICO").

Plaintiff's opposition brief is 37 pages, including nearly ten pages devoted to alleged "procedural defects" with the motion. ECF No. 34. These arguments focus on whether an adequate meet and confer occurred, and are largely meritless. Plaintiff states that his "complaint names seven defendants. Five are natural persons: Patton, Looney, Wattenberg, Emmons, and Quintero. One is a municipal entity: Butte County. One is a state agency: CDPR." ECF No. 34 at 22.[8] Plaintiff then acknowledges that the Eleventh Amendment bars the suit for money damages as to the CDPR and that Plaintiff "voluntarily withdraws his claims for monetary damages against CDPR." ECF No. 34 at 23. Plaintiff argues the CDPR should remain in the suit

[8] Plaintiff is clearly aware that Riverside County was not a named Defendant, despite his later protestations to the contrary.

so he can get injunctive relief "requiring CDPR to implement screening, training, and supervisory policies that prevent peace officers from weaponizing their state-conferred authority in judicial proceedings." *Id.* at 24.

Plaintiff is incorrect. Plaintiff appears to seek to assert what is effectively a *Monell* claim against the state agency, but state agencies are not subject to § 1983 claims for damages or injunctive relief. *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (explaining that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court).

The CDPR's motion to dismiss should be GRANTED. As the CDPR has sovereign immunity, amendment would be futile. The Court recommends the CDPR be dismissed without leave to amend.

**B. Quintero and Patton's Motion to Dismiss (ECF No. 25)**

Defendants Quintero and Patton moved to dismiss for insufficient service of process pursuant to Rule 12(b)(5). ECF No. 25 at 2. Plaintiff claims to have served both of these defendants at the Office of Attorney General ("OAG"). Defendants contend that the OAG was not authorized to accept service on their behalf. *Id.* at 7. Plaintiff also claims to have served Patton by leaving a copy of the service documents with Thomas Patton, Patton's father, at Patton's residence. ECF No. 35 at 24-25. Patton contends this is inadequate service.

A federal court has jurisdiction over a defendant only if the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Mere notice that a lawsuit is pending is not sufficient." *Razavi v. Regis Corp.*, No. 5:15-cv-02574-EJD, 2016 WL 97438, at *4 (N.D. Cal. Jan. 8, 2016). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists*, 840 F.2d at 688 (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule

4." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1227 (C.D. Cal. 2015), quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Under Federal Rule of Civil Procedure 4(e)(1), a person may be served "pursuant to the law of the state in which the district court is located." California courts "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States," Cal. Civ. Proc. Code § 410.10, and thus California allows service in any way consistent with due process. *Dick v. Corman*, No. 21-cv-07169, 2022 WL 1211400, *1 (N.D. Cal. April 25, 2022), citing *M. Lowenstein & Sons, Inc. v. Superior Court*, 145 Cal. Rptr. 814, 816 (Cal. Ct. App. 1978). Thus, "service of process may be effected by means other than personal delivery, including by sending the documents to the mailing address of the person to be served or by delivering the documents to a person authorized to receive service of process on another's behalf." *Ciganek v. Portfolio Recovery Assocs., LLC*, 190 F. Supp. 3d 908, 915 (N.D. Cal. 2016), citing Cal. Civ. Proc. Code §§ 415.20, 415.30, 416.90, 684.120. "[P]ersonal service must be diligently attempted before substituted service may be permitted." *Tillman-Conerly v. U.S. Off. of Pers. Mgmt.*, No. 22-cv-950-TLN-KJN, 2020 WL 6728118 at * 2 (E.D. Cal. Nov. 16, 2020). "Usually, two or three attempts at personal service at a proper place should satisfy the requirement of reasonable diligence and allow substituted service." *Id.*

Plaintiff's opposition states that he attempted to serve Patton and Quintero through the OAG. ECF No. 35 at 5. Plaintiff contends that Officer Mazon accepted service for CDPR, Quintero, and Patton, but then later communicated that the OAG had only accepted for CDPR, and not Quintero and Patton. ECF No. 35 at 5-6. Plaintiff states: "The Attorney General's office provided no explanation for this inconsistency and offered no guidance regarding the proper protocol for serving Quintero and Patton. *Id.* at 6. At the hearing, counsel for CDPR, Quintero, and Patton represented that Plaintiff was aware that he could serve those two individual defendants at the Department of Natural Resources, which was just down the street from where he attempted service, and that Plaintiff was aware of the address.

Counsel also contended at the hearing that it was improper to serve Patton by serving his father at Patton's address. Patton is incorrect. Federal Rule of Civil Procedure 4(e)(2)(B) provides that service may be accomplished by "leaving a copy … at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Plaintiff has filed a return of service and declaration of process server stating that he served Patton by leaving a copy at his residence with his father. ECF No. 35 at 24-25. Patton's motion does not address the service documents at Patton's residence, but argues only that the OAG was not the proper place for service. *See* ECF No. 25. Patton has been properly served. *See Churchill v. Barach*, 863 F.Supp. 1266, 1270-71 (D. Nev. 1994) (leaving summons and complaint with doorman at apartment building constituted valid service under Rule 4(e)(2)); *Limon-Hernandez v. Lumbreras*, 171 F.R.D. 271, 273 (D. Or. 1997) (finding service proper under Rule 4(e)(2) even assuming that service was left at the residence with an adult male who was not the defendant).

As to Defendant Quintero, Plaintiff cites to California Government Code § 955.4 and contends that service was proper on the Attorney General. ECF No. 35 at 3-4. Subsection (a) provides: "Service of summons in all actions on claims against the state shall be made on the Attorney General." Cal. Govt. Code 955.4(a). The CDPR in reply contends that § 955.4 only authorizes service on the Attorney General for claims against the State itself, not against a state agency official such as Quintero. ECF No. 40 at 2-3. The reply further states that Quintero must be served through his chief executive officer and then states the "chief executive officer of the California Department of Parks and Recreation is located at the Natural Resources Agency, 715 P Street, Sacramento, California 95814." ECF No. 40 at 3.

There is ambiguity in the caselaw concerning the proper method for serving a state official sued in their official capacity. *See Ward v. Stanislaus*, No. 23-cv-06167-JSC, 2024 WL 3432000 at *2 (N.D. Cal. July 16, 2024) ("The Ninth Circuit has not squarely addressed whether state officials sued in their official capacity must be served as individuals according to Rule 4(e) or as public entities according to Rule 4(j). But both Rules 4(e) and 4(j) allow for service pursuant to state law."). In *Ward*, the court found that service on a state official sued in their official capacity

"may be achieved pursuant to California law governing service on public entities." 2024 WL 3432000 at *2. The court found that service could be accomplished under Cal. Civ. Proc. Code § 415.20(a) by "leaving a copy of the summons and complaint during usual office hours in his or her office … with the person who is apparently in charge thereof." *Id.* The court also noted that under Government Code § 955.4 "service of summons in all actions on claims against the state shall be made on the Attorney General." *Id.*

As to Quintero, Plaintiff has already served a copy of the summons on the Attorney General. However, Plaintiff did not provide a copy of the service documents to the Department of Natural Resources. The Court concludes that Plaintiff must also serve a copy at the Department of Natural Resources. *See Alexander v. Brown*, No. 8:23-cv-00274-JFW-SHK, 2024 WL 1218280, at *10 (C.D. Cal. Feb. 9, 2024) ("Ninth Circuit law supports serving a state official in their official capacity at the place of employment under § 415.20(a), as Plaintiff claims to have done here, in addition to serving the AG pursuant to Cal. Gov. Code § 955.4.").

Finding Quintero was not properly served, the undersigned recommends GRANTING IN PART the motion to dismiss as to Quintero, but DENYING as to Patton. However, the undersigned will also sua sponte order the time for Plaintiff to fully effectuate service on Quintero be extended by 30 days.

Patton shall file a response to the Complaint within 14 days. Failure to do so may result in the entry of default.

**C. Wattenberg's Amended Motion to Quash (ECF No. 73)**

Wattenberg argues pursuant to Rule 12(b)(5) that the summons should be quashed. ECF No. 73 at 4. Wattenberg claims he was not personally served and did not have knowledge of the litigation until he received a phone call from another lawyer involved in the case. *Id.* at 3. Wattenberg argues that neither the State of California nor Butte County is authorized to accept service on his behalf. *Id.* Wattenberg's affidavit states that he is a "lawyer engaged in private practice" who occasionally serves as a court-appointed mediator. ECF No. 73-3 at ¶ 6. He

claims Butte County did not appoint him as a mediator, and that he is not an employee of the State. *Id.* at ¶¶ 6-7.

Plaintiff's opposition (ECF No. 78) contends that he properly served Wattenberg through the Butte County Board of Supervisors, by serving administrator Miguel Paredes. ECF No. 78 at 13-14. Plaintiff also states he served Wattenberg through the OAG. *Id.* at 14.

Plaintiff has not properly served Wattenberg. Plaintiff has not rebutted Wattenberg's contentions that (1) he is not an employee of the State of California or the OAG and has given neither authority to accept service on his behalf; and (2) he did not give Butte County authority to accept service, Butte County did not appoint him, and he was appointed by Butte County Superior Court. ECF No. 73-3 at ¶¶ 6-7. Superior courts are arms of the state. *See Munoz v. Superior Court of Los Angeles*, 91 F.4th 977, 980 (9th Cir. 2024) ("state case law and constitutional provisions make clear that the Court is a State agency"). However, there is a special statute for service of state judicial entities in California. "California law requires in an action against a California Superior Court that a plaintiff serve the court's executive officer. Cal. Gov. Code § 955.9(a)." *Nguyen v. California Superior Court of Sacramento*, 2026 WL 1068700, at *1 (E.D. Cal. April 20, 2026). Thus, to the extent Plaintiff's theory is that Wattenberg's official capacity status is tied to the superior court, he must comply with Government Code § 955.9(a). Moreover, because Plaintiff is suing Wattenberg in both his individual and official capacities, Wattenberg should also be personally served.

At the hearing, counsel for Wattenberg stated that Wattenberg would not waive service, that Plaintiff could serve Wattenberg at Wattenberg Mediation, and that Plaintiff knows the address because it is listed in one of Plaintiff's own filings, at ECF No. 79. An exhibit at ECF No. 79 shows an address for Wattenberg Mediation at 1074 E. Ave, in Chico, California, and the same address for Wattenberg Law; however, Wattenberg Law is listed as "permanently closed." ECF No. 79 at 2. **Counsel for Wattenberg shall confer with Plaintiff and confirm that is the correct address for service. Plaintiff shall then make an additional attempt at personal service, as well as serving the Butte County Superior Court in accordance with Gov. Code §**

**955.9(a). If that attempt is unsuccessful, this Order authorizes substitute service via email, at an email address to be provided by counsel for Wattenberg.**

Alternatively, Wattenberg may simply waive service as provided under Federal Rule of Civil Procedure 4(d). As provided in Rule 4(d), a party has a "duty to avoid unnecessary expenses of serving the summons." Additionally, under Federal Rule of Civil Procedure 1, parties have an obligation to act in a manner to "secure the just, speedy, and inexpensive determination of every action and proceeding." Much time and resources have been wasted litigating the issue of service by defendants who have actual notice of the litigation and would be better served addressing the merits.

Undersigned recommends GRANTING Wattenberg's motion to quash. However, the Court finds good cause to extend the time for service under Rule 4(m) as Plaintiff made reasonable attempts at service and could reasonably have believed that Wattenberg was a state employee.

### D. Emmons's Motion to Dismiss (ECF No. 88)

The motion raises several purely legal grounds for dismissal: 1) *Rooker-Feldman* doctrine; 2) absolute judicial immunity; 3) the Anti-Injunction Act, 28 U.S.C. §2283; and 4) failure to state a claim. ECF No. 88 at 2. Emmons is a state court commissioner in Butte County and contends that this action is an impermissible collateral attack on a state court restraining order. *Id*. at 6. Emmons points out that Plaintiff seeks expungement of records, expungement of the restraining order, and an injunction prohibiting enforcement of the three-year restraining order. *Id*., citing Complaint at 107-08 and 136.[9]

Plaintiff filed an opposition to the motion. ECF No. 105. Plaintiff argues that the case is not just about Emmons issuing an order, but rather: 1) Emmons "ratified sworn perjury he knew to be false"; 2) the court system issued a false representation that no transcripts could be produced; and 3) Emmons "associated with non-judicial co-defendants in a pattern of

[9] Pages 107 and 108 of the complaint do not appear to seek to enjoin the state court order, but page 136 specifically does seek to enjoin the state court restraining order.

racketeering activity that began with the compromise of Plaintiff's devices on October 10, 2022." ECF No. 105 at 1-2.[10]

According to the allegations of the Complaint, Emmons presided over the state court matter and issued the three-year restraining order. ECF No. 1 at 23. Under the *Rooker-Feldman* doctrine, "federal district courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Miroth v. County of Trinity*, 136 F.4th 1141, 1144 (9th Cir. 2025) (internal citation and quotation omitted). Plaintiff clearly seeks rejection, and expungement, of the state court order. The Court lacks jurisdiction to grant such requests. *See Gimbel v. California*, 308 F.App'x 124 (9th Cir. 2009) (*Rooker Feldman* doctrine precluded district court jurisdiction over action brought by subject of state court restraining order who argued the issuance of a one year restraining order violated his First Amendment rights).

Emmons's immunity argument is also meritorious. *See Little v. Ambler*, 22 F.App'x 764 (9th Cir. 2001) ("Little's action is precluded by judicial immunity because he is seeking relief based upon judicial actions taken by a California State Superior Court Judge and Court Commissioner in their official capacities."), citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Plaintiff complains of Emmons's conduct of a state court hearing in April 2025 and issuance of a court order. Plaintiff's allegation that Emmons ratified perjury by accepting Patton's testimony is merely Plaintiff complaining that the state court should have believed him rather than Patton. This does not undercut judicial immunity. Nor does Plaintiff's contention that there should have been a court reporter transcript pierce Emmons's judicial immunity.

Emmons's Anti-Injunction Act argument is incorrect. The Supreme Court in *Mitchum v. Foster*, 407 U.S. 225 (1972) found that § 1983 is an Act of Congress that falls within the

---

[10] Plaintiff also argues that the motion was late, and Emmons was in default. *Id*. at 2-3. For reasons noted above, while the motion was untimely, no default was entered, and the Court will consider the motion.

expressly authorized exception to the anti-injunction statute, and thus the Anti-Injunction Act does not preclude federal courts from issuing injunctions of state court proceedings in § 1983 actions. Emmons's counsel stated at oral argument that she would withdraw the Anti-Injunction argument, and thus it does not form a basis for the recommended dismissal.

The Court recommends that Emmons's motion to dismiss be GRANTED on the basis of the *Rooker-Feldman* doctrine and judicial immunity. Plaintiff requests leave to amend. ECF No. 105 at 16. A pro se litigant should normally be afforded leave to amend, unless amendment would be futile. As discussed further below, Plaintiff's complaint is verbose, repetitive, and argumentative and the Court finds it does not comply with Rule 8. Although amendment of the claims against Emmons is likely futile, the Court recommends Plaintiff be granted one opportunity to amend.

**E. County of Butte's Motion to Dismiss (ECF No. 125)**

Butte County argues that the complaint fails to state a claim pursuant to Rule 12(b)(6) and fails to comply with Rule 8(a)(2) in that it is not a "short and plain statement" showing Plaintiff is entitled to relief. ECF No. 125-1 at 2. Butte County argues that the allegations against it do not successfully plead a custom or policy claim under *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). It also argues that the 141-page complaint violates Rule 8 and should be dismissed without leave to amend. ECF No. 125-1 at 7-8.

Plaintiff filed an untimely opposition to the motion.[11] ECF No. 130. The Court has already ruled it will consider that untimely opposition. ECF No. 135. Much of Plaintiff's argument is focused on procedural issues and the meet and confer process. This Court's Local Rules do not require the parties to meet and confer prior to filing a dispositive motion. Plaintiff also objects to the County bringing a second Rule 12 motion.

Plaintiff's objection to the sequencing and timing of Butte County's Rule 12 motions is substantial. Rule 12(g)(2) provides, "Except as provided in Rule 12(h)(2) or (3), a party that

---

[11] Local Rule 230(c) requires an opposition "shall be filed and served no later than fourteen (14) days after the motion was filed."

makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." For its part, Rule 12(h)(2) permits a defendant to raise a defense for "failure to state a claim upon which relief can be granted" in three distinct circumstances: (1) "in any pleading allowed or ordered under Rule 7(a)," such as a complaint, answer, or reply to an answer; (2) "by a motion under Rule 12(c)," which is a motion for judgment on the pleadings; or (3) "at trial." Butte County's first Rule 12 motion was brought pursuant to subsection (b)(3) and asked the Court to dismiss or transfer based on improper venue. ECF No. 28. The motion focused only on venue and did not make a Rule 12(b)(6) argument. By the plain terms of Rule 12(g)(2) and Rule 12(h)(2), by declining to assert Plaintiff's failure to state a claim in its original Rule 12 motion, Butte County's current Rule 12(b)(6) is barred.

However, the Ninth Circuit has effectively allowed district courts to excuse strict compliance with Rule 12(g)(2) when it comes to a successive Rule 12(b)(6) motion, so long as there is no evidence of tactical delay. In *In re Apple Antitrust Litigation*, 846 F.3d 313 (9th Cir. 2017), the Ninth Circuit found a district court's adjudication of a Rule 12(b)(6) motion after a defendant's prior Rule 12 motion to constitute harmless error. "Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* at 318. As Butte County points out, numerous district court judges, including at least one judge in this Court, have applied *In re Apple* to hear a Rule 12(b)(6) motion that could have been raised in an earlier Rule 12 motion. *See, e.g., Cuviello v. City of Vallejo*, No. 2:16-cv-02584-KJM-KJN, 2020 WL 6728796, at *5 (E.D. Cal. Nov. 16, 2020). In light of the judicial emergency in this District, and the delay that would be caused by requiring Butte County to effectively file this same motion under Rule 12(c) after filing an answer, and finding that Butte County has not filed the two

motions for the purposes of delay, the Court will proceed to the merits of the motion.[12] *See In re Apple*, 846 F.3d at 319.

**1. Rule 8 Challenge**

"The Federal Rules require that averments be simple, concise, and direct." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's 141-page Complaint is not a "short and plain statement." It is at times redundant and it contains many pages of legal argument. For example, pages 110 to 141 are largely legal argument devoted to attempting to rebut what Plaintiff anticipates as affirmative defenses. That is not necessary in a complaint. The Complaint contains a "closing statement" (p. 103) that is also unnecessary and the damages calculation of the complaint spans more than ten pages.

In *McHenry*, the district court dismissed the complaint, finding it "presented long-winded tales of municipal conspiracy and police misconduct, but failed properly to notify the individual defendants of the legal claims they faced." 84 F.3d at 1177. The Ninth Circuit affirmed, finding the complaint to be "argumentative, prolix, replete with redundancy." *Id.* The Ninth Circuit explained that: "Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." *Id*. at 1179. The court affirmed the dismissal of the entire complaint based on Rule 8 and stated that the "propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.*

Rule 8 has "been held to have been violated by a pleading that was needlessly long, or a complaint that was highly repetitious." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011), citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice*

[12] In other circumstances, the Court may not be so forgiving of a defendant's failure to follow the plain terms of Rule 12(g)(2) and Rule 12(h)(2). "Although *In re Apple* 'conclude[d] that [appellate courts] should generally be forgiving of a district court's ruling on the merits of a late-filed Rule 12(b)(6) motion,' the case does not stand for the blanket proposition that district courts may freely flout the Federal Rules whenever a party asks them to do so." *Coles Valley Church v. Oregon Land Use Bd. of Appeals*, No. 6:20-cv-00661-MK, 2021 WL 1950181, at *8 (D. Or. May 14, 2021).

*& Procedure* § 1217 (3d ed. 2010). Complaints much shorter than the one at issue here have been dismissed based on Rule 8, in part due to their unnecessary length. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming Rule 8 dismissal of a complaint that exceeded 70 pages and was confusing and conclusory); *Wells v. Lakeview Loan Serv.*, No. CV 23-4796 PA, 2023 WL 8254485 at *4 (C.D. Cal. Sept. 26, 2023) (85-page complaint failed to comply with Rule 8). Excessive length alone is not the basis for a Rule 8 dismissal, *see Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008), but a needlessly overlong pleading is often indicative of a failure to comply with the short-and-plain requirement of Rule 8.

The Complaint fails to comply with Rule 8. It is needlessly long. It is redundant in that many factual allegations are repeated several times throughout the complaint. It is unnecessarily argumentative. Plaintiff's damages statement begins on page 96 and continues to page 102, to only then be repeated at pages 105 to 108. The complaint contains numbered paragraphs, but many of them span more than a page in length. *See, e.g.,* ECF No. 1 at ¶ 12. This does not comply with Rule 10 which requires paragraphs to be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

**2. Failure to State a Claim**

Plaintiff has not named any individual Butte County official as a defendant. Plaintiff names only the County itself. But all of Plaintiff's allegations that purportedly pertain to Butte County actually concern the Butte County Superior Court. Plaintiff states that Butte County is "named as a defendant for the unconstitutional policies, practices, and customs of its judicial system" and "failure to train and supervise court officials' conduct." ECF No. 1 at 8. However, for relevant legal purposes, the Butte County Superior Court is an arm of the state and not a municipal agency. *See Munoz*, 91 F.4th at 980. Plaintiff cannot sue Butte County for the state court actions of which he complains. *See Oliphant v. Harmon*, No. 2:24-cv-04820-SB-JDE, 2024 WL 4799120, at *4 (C.D. Cal. Aug. 23, 2024) ("[I]t was the California Superior Court for the County of Los Angeles that imposed that sentence at issue, not the County; Plaintiff has not plausibly alleged that an alleged failure by the County caused the imposition of an unlawful

sentence imposed by the court, which is an arm of the State of California, not the County."). Accordingly, Plaintiff has failed to state a *Monell* claim against Butte County.

Butte County is also not vicariously liable for the actions of Butte County Superior Court personnel. A county cannot be held liable on a respondeat superior basis for the unconstitutional actions of its own employees or agents. *Monell*, 436 U.S. at 694. Plaintiff's theory is more attenuated, seeking to hold Butte County liable for the actions of Superior Court personnel. See *Wallis v. Warriner*, 52 F.App'x 78 (9th Cir. 2002) ("Plaintiff's claims against Yolo County are barred because she seeks to hold the County responsible for the acts of its employee, Judge Warriner. The County cannot be held liable under section 1983 for Judge Warriner's acts."). The Court finds that Plaintiff has failed to state a claim against Butte County.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012) (citation and quotation omitted). It is clear from the Complaint and Plaintiff's opposition that leave to amend against Butte County would be futile. Plaintiff's opposition to Butte County's motion argues for leave to amend in a general manner, but does not allege additional facts that Plaintiff could plead to make Butte County liable. ECF No. 130 at 16-18. Instead, Plaintiff confirms that his theory against Butte County is based on the conduct of the Superior Court. Plaintiff relies on an alleged statement by a court-appointed mediator saying that adjudicators favor law enforcement testimony. *Id.* at 17. Plaintiff states the "superior court accepted Patton's petition, its commissioner presided, its court appointed the mediator." *Id.* Plaintiff also complains that court transcripts were not provided. *Id.* None of this court conduct is attributable to the County. It is based on the conduct of the Superior Court, which has sovereign immunity. Leave to amend would be futile as to Butte County. As discussed supra, leave to amend would also be futile as to CDPR.

However, it is not clear that leave to amend would be futile as to other defendants. The Court does, however, find that leave to amend would be futile on Count IV as to all Defendants. Count IV, which alleges a claim based on the criminal statute for witness tampering, 18 U.S.C. §

1512, fails as a matter of law. There is no private right of action under this statute. *See Rowland v. Prudential Financia*l, 362 F.App'x 596 (9th Cir. 2010); *Kidwell v. CDCR*, No. 22-cv-00253-JLT-EPG, 2022 WL 2307872 (E.D. Cal. June 27, 2022). Accordingly, the Court recommends Count IV be dismissed without leave to amend.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff's requests for the Clerk to enter default (ECF Nos. 44 & 45) are DENIED.

2) Plaintiff's renewed motion for service by the Marshal (ECF No. 33) is DENIED. However, Counsel for Riverside County shall provide Plaintiff with an email address for Looney. Plaintiff may serve Looney by email.

3) Plaintiff's motion for sanctions (ECF No. 54) is DENIED.

4) The Court finds good cause under Rule 4(m) to extend the time for service. Plaintiff is granted an additional 30 days from the date of this Order to complete service on Defendants Wattenberg, Looney, and Quintero in a manner consistent with this Order.

**IT IS FURTHER RECOMMENDED THAT:**

5) Defendant CDPR's motion to dismiss (ECF No. 23) be GRANTED and the claims against CDPR be dismissed without leave to amend;

6) Defendant Patton and Quintero's motion to dismiss (ECF No. 25) be GRANTED IN PART and DENIED IN PART as set forth herein;

7) Defendant Wattenberg's motion to quash (ECF No. 73) be GRANTED, though as noted above, Plaintiff is allowed 30 days to effectuate service;

8) Defendant Emmons' motion to dismiss (ECF No. 88) be GRANTED and the claims against Emmons be dismissed with leave to amend;

9) Defendant County of Butte's motion to dismiss (ECF No. 8) be GRANTED and the claims against County of Butte be dismissed without leave to amend; and

10) Plaintiff be allowed 30 days to file a first amended complaint (FAC) as to all claims and Defendants except Count IV which should be dismissed with prejudice and Defendants CDPR and County of Butte, which should be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, either party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE